FOR THE NORTHERN DISTRICT OF TEXAS
IN THE UNITED STATES DISTRICT COURT
DALLAS DIVISION

| | |
|---|---|
| LARRY DAMOND WILSON ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:07-CV-2113-G (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A.** **Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his deferred adjudication out of the Criminal District Court No. 3 of Dallas County, Texas. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B.** **State Procedural History**

Petitioner is in custody pursuant to judgments and sentences out of the Criminal District Court No. 3 of Dallas County, Texas, in cause numbers 03-74145-J and 03-73862-J. According to Petitioner, he entered pleas of *nolo contendere* to the offenses of aggravated assault with a

deadly weapon and aggravated assault - serious bodily injury. A non-jury trial was held on February 18, 2003; the trial court deferred a finding of guilt and placed Petitioner on deferred adjudication probation for five years. Petitioner did not file an appeal.

Petitioner filed two state habeas application in July 2007, which were denied without written order on September 12, 2007. Petitioner filed his federal habeas petition on December 13, 2007, the date he certifies he placed his petition in the prison mail system.

**C.    Issues**

Petitioner's federal habeas petition challenges the entry of his *nolo contendere* plea and deferred adjudication proceedings held on February 18, 2003. Specifically, he alleges:

(1)    there was no evidence or insufficient evidence regarding a weapon or bodily injury;

(2)    he was denied effective assistance of counsel because his attorney did not look after his well-being and allowed the plea bargain to "convey the aggravated language;"

(3)    his conviction was obtained by the use of a coerced confession; and

(4)    the prosecution failed to disclose favorable evidence.

Petitioner does not raise any issues challenging the revocation and adjudication of guilt proceedings.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320,

2

326 (1997). Because Petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

In *Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2005), the Fifth Circuit Court of Appeals held that an order of deferred adjudication following a plea is a final judgment under § 2244(d)(1)(A) upon the expiration of time for seeking direct review of such order. The Court noted that under Texas law, a defendant is required to file a notice of appeal within 30 days from the date the sentence is imposed or suspended. *Id*. at 530.

Because Petitioner did not appeal, his deferred adjudication probation became final on March 20, 2003, thirty days after he entered a plea of *nolo contendere* and the court deferred adjudication of guilt and placed him on five years' deferred adjudication probation. The one-year limitations period began to run on March 21, 2003, and expired one year later. Petitioner did not file his federal habeas petition until December 2007.

3

Petitioner's state habeas petitions do not toll the limitations period because they were not filed until July of 2007, well after the limitations period expired. Further the Court finds that no conditions exist for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration prior to AEDPA's passage, illiteracy, deafness, lack of legal training, and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibit annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (stating that the district court has the power to screen out frivolous motions and eliminate the burden that would fall on the respondent to file an unnecessary answer). Because petitioner's petition is time-barred, the Court should summarily dismiss this action under Rule 4.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

**SIGNED this 29th day of February, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE